UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintff, | ) |
| | ) |
| vs. | ) Case No. 4:21 CR 0365 RLW/JMB |
| | ) |
| WAYNE D. LOZIER, Jr. and | ) |
| JODY L. SULLIVAN | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS LOZIER AND SULLIVAN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT**

**NOW INTO COURT**, come defendants, Wayne D, Lozier, Jr. and Jody L. Sullivan, through counsel, and file this memorandum in support of their motion to dismiss the indictment. [ECF No. 35] In support of this motion, defendant states as follows:

**Introduction**

The defendants are Louisiana-licensed bail bond agents and bail recovery agents. They were hired to apprehend a fugitive who had failed to appear in a Louisiana criminal court, resulting in the issuance of a warrant for her arrest. The bondsman who hired them to apprehend the bail jumper told Ms. Sullivan and Mr. Lozier where the fugitive could be found. They traveled to Missouri to the address given to them by the bail bondsman. They were given permission to enter the home where the fugitive was living and took her into custody. The entry, the apprehension and the entire trip was recorded on video using a body cam. (The video was given to the government by the defense to demonstrate that no laws had been violated.)

After the apprehension, Ms. Sullivan and Mr. Lozier stopped for gasoline at the Flying J truck stop in Sullivan, Missouri. The fugitive then attempted escape, a struggle ensued, and the police were called. A Sullivan Police Department sergeant arrived, was told of the circumstances, and told the fugitive that Ms. Sullivan and Mr. Lozier had the right to take her back to Louisiana. It was his belief, as it was that of Ms. Sullivan and Mr. Lozier that they were acting lawfully in apprehending and transporting the fugitive. Because of complaints and repeated phone calls to the bail bondsman in Louisiana by a police officer in St. Peters, Missouri, the bondsman eventually instructed Ms. Sullivan and Mr. Lozier to surrender the fugitive to a jail in Mississippi. Although, Ms. Sullivan and Mr. Lozier were at all times acting on the instruction of the bail bondsman, he is not indicted.

**Argument**

The indictment that has been returned against Wayne Lozier and Jody Sullivan fails to state an offense, and it should be dismissed. The initial indictment alleged that the defendants took one R.H. into custody and were not licensed bail bondsmen in the state of Missouri. Which is true as far as it goes, it just did not go far enough. The defendants are licensed in the state of Louisiana and the laws of Missouri only require that someone acting as a fugitive recovery agent, as the defendants were, must be a licensed bail bondsman. The Missouri statute does not specify that the license must be issued by Missouri. "That criminal statutes are to be construed strictly is a proposition which calls for the citation of no authority." [1]

---

[1] One of the many authorities for that position is <u>United States v. Turley</u>, 352 U.S. 407, 413, 77 S. Ct. 397, 400, 1 L. Ed. 2d 430 (1957).

The state of Missouri allows for fugitive recovery by a surety recovery agent. Mo. Ann. Stat. § 374.785[2] This statute permits the security recovery agent to take a defendant into custody without liability. From the first indictment brought in this matter, it is clear that the government's position is that because the defendants were not licensed in the state of Missouri, their acts of taking a fugitive from Louisiana into custody in Missouri was unlawful.[3] Had the fugitive been apprehended in Louisiana, or in any of several other states, there would be no issue about the lawfulness of the apprehension and transporting of the fugitive. Had the apprehension been accomplished by a Missouri surety recovery agent, again there would be no crime charged. There does exist a Missouri statute which makes it unlawful for one who does not hold a surety recovery agent license or a bail bond license to engage in fugitive recovery. That statute, however, does specify that the license must be issued by the state of Missouri.

The complete text of the pertinent statute is as follows:

1. A person is guilty of a class E felony **if he or she does not hold a valid surety recovery agent license or a bail bond license** and commits any of the following acts:
(1) Holds himself or herself out to be a licensed surety recovery agent within this state;
(2) Claims that he or she can render surety recovery agent services; or
(3) Engages in fugitive recovery in this state.
2. Any person who engages in fugitive recovery in this state and wrongfully causes damage to any person or property, including, but not limited to, unlawful apprehension, unlawful detainment, or assault, shall be liable for such damages and may be liable for punitive damages.
Mo. Ann. Stat. § 374.789 (West)

(Emphasis added)

---

[2] **374.785. Apprehension of defendant, permitted where**
For the purpose of surrender of the defendant, a surety recovery agent may apprehend the defendant anywhere within the state of Missouri before or after the forfeiture of the undertaking without personal liability for false imprisonment or may empower any surety recovery agent to make apprehension by providing written authority endorsed on a certified copy of the undertaking and paying the lawful fees. Mo. Ann. Stat. § 374.785

[3] The original indictment contained the following paragraph: "9. On or about May 9, 20 19, Lozier told the SPPD officer that he does not have a bail bondsman license to operate in Missouri."

Again, there is no requirement that the license be issued by the state of Missouri. Attached to this memorandum as Exhibit A is the Verification of License Status issued by the Louisiana Department of Insurance showing that Wayne Lozier was a licensed bail bondsmen at the time of the apprehension of the fugitive R.H.  Attached as Exhibit B is the Verification of License Status for Jody Sullivan, demonstrating that she was also a licensed bail bondsman at the time of the apprehension of R.H.  By Missouri law, the defendants were authorized to take into custody the bail jumper R.H.

In *Taylor v. Taintor* , 83 U.S. 366 (1872), the United States Supreme Court established the authority of sureties over their principals:

> When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another State; may arrest him on the Sabbath; and, if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner.

*Taylor v. Taintor*, 83 U.S. 366, 371, 21 L. Ed. 287 (1872)

Given the authority to apprehend defendants that is allowed to surety recovery agents, they are little different in power from police officers who take defendants into custody and deliver them to jail without their permission and against their will.  No allegation of kidnapping could stand if brought against police officers.  Similarly, no such charge would be brought against a licensed Missouri security recovery agent.  The government wants to make a distinction for Mr. Lozier and Ms. Sullivan because they have out-of-state licenses.  The statute, however, does not make that distinction, and the rule of strict construction forbids an expanded reading.  If

4

the Missouri legislature had meant to allow only Missouri-licensed surety recovery agents to apprehend defendants, it could have said so.  It did not.

Additionally, it is likely that this fugitive signed a contract permitting her apprehension if she failed to appear.  The defense seeks production of this document from the government and believes that it should be considered to be Brady material.  Attached hereto as Exhibit C is an example of such a contract.

The government faces an insurmountable obstacle in establishing the required element willfulness.  The old saw that ignorance of the law is no excuse is greatly changed by Supreme Court jurisprudence.  In *Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939, 141 L. Ed. 2d 197 (1998), the United States Supreme Court held: "As a general matter, when used in the criminal context, a "willful" act is one undertaken with a "bad purpose."[13] In other words, in order to establish a "willful" violation of a statute, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Ratzlaf v. United States,* 510 U.S. 135, 137, 114 S.Ct. 655, 657, 126 L.Ed.2d 615 (1994)."
*Bryan v. United States*, 524 U.S. 184, 191–92, 118 S. Ct. 1939, 1944–45, 141 L. Ed. 2d 197 (1998).  The circumstances of the defendants in the case at bar are more akin *Ratzlaf*, because, while the kidnapping statute is not highly technical as was the structuring statute in *Ratzlaf,* the proof required to show that "defendant[s] acted with knowledge that [their] conduct was unlawful," requires that it be proved that they were aware of the technical statutes relating to fugitive recovery in Missouri.

While not controlling, it is relevant to see how Missouri state law looks at ignorance or mistake of law since the *sine qua non* of these allegations is a violation of Missouri law.

5

**562.031. Ignorance and mistake**

1. A person is not relieved of criminal liability for conduct because he or she engages in such conduct under a mistaken belief of fact or law unless such mistake negatives the existence of the mental state required by the offense.

2. A person is not relieved of criminal liability for conduct because he or she believes his or her conduct does not constitute an offense unless his or her belief is reasonable and:

(1) The offense is defined by an administrative regulation or order which is not known to him or her and has not been published or otherwise made reasonably available to him or her, and he or she could not have acquired such knowledge by the exercise of due diligence pursuant to facts known to him or her; or

(2) He or she acts in reasonable reliance upon an official statement of the law, afterward determined to be invalid or erroneous, contained in:

(a) A statute;

(b) An opinion or order of an appellate court; or

(c) An official interpretation of the statute, regulation or order defining the offense made by a public official or agency legally authorized to interpret such statute, regulation or order.

3. The burden of injecting the issue of reasonable belief that conduct does not constitute an offense under subdivisions (1) and (2) of subsection 2 of this section is on the defendant.

Mo. Ann. Stat. § 562.031 (West)

Not only did the defendants act believing they were in full compliance with the law, but the Sullivan Police Department sergeant believed it, too.

This writer recognizes that federal courts are reluctant to grant motions to dismiss in criminal cases, while dismissals occur with regularity in civil proceedings.  There is danger and waste in this.  Cases that should be terminated at the early stages go on until trial, wasting time and resources.  Worse, criminal juries can be overwhelmed by the majesty of the court, mislead

by a misunderstanding of the role of a juror with some believing that only by convicting are they doing their duty.  This case should not go further.  The defendants are two people who believed they were acting within the law and believed it so completely that they videotaped the entire incident and turned it over to the government.  The indictment should be dismissed.

        Respectfully submitted,

        /s Ralph S Whalen, Jr.
        Ralph S. Whalen, Jr.
        Bar No. 8319
        2950 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163 (504) 525-1600
        Fax (504)525-1606
        ralphswhalen@ralphswhalen.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 25, 22, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        s/Ralph S. Whalen, Jr.
        Ralph S. Whalen, Jr.