UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CR-365 RLW |
| WAYNE D. LOZIER, JR. and JODY L. SULLIVAN, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wayne D. Lozier, Jr.'s Motion to Reconsider (ECF No. 123), joined in by co-Defendant Jody L. Sullivan (ECF Nos. 124, 125). The Motion to Reconsider asks the Court to "construe [Defendants'] previous pleading styled 'Objections to the Report and Recommendation' as a motion to dismiss the Superseding Indictment as unconstitutionally vague as applied to the facts of [Defendants'] case[s]."[1] (ECF No. 123 at 4.). In the alternative, Defendants ask for leave to file a motion to dismiss out of time.

For the reasons discussed below, Defendants' Motion to Reconsider will be denied. The Court will grant Defendants' alternative request and permit them to file motions to dismiss out of time. Once any new motions to dismiss are filed, the Court will refer the case back to the Magistrate Judge for report and recommendation.

---

[1] Defendants' use of the term "pleading" to describe Objections to a Report and Recommendation is inaccurate. "The pleadings in a criminal proceeding are the indictment, the information, and the pleas of not guilty, guilty, and nolo contendere." Rule 12(a), Fed. R. Crim. P. Objections are not pleadings.

**Procedural Background**

The background of this case was set forth in the Memorandum and Order of February 3, 2023 (ECF No. 121) and is incorporated herein by this reference. The Court will discuss a few of the facts relevant to the instant motion.

On September 13, 2022, the Court conducted sustained, adopted, and incorporated the Magistrate Judge's Report and Recommendation, to which no objections had been filed, after de novo review. The Court denied Defendants' Motion to Dismiss the Indictment. (ECF No. 77). Shortly thereafter, after obtaining new counsel, the Defendants filed a "Motion to Remand Case to the Magistrate Judge to Reset Pretrial Motions Pursuant to FRCrP Rule 12(c)(2)." The Motion to Remand stated in part,

> 2) [Defendants'] previous attorney filed several pleadings, including a pretrial motion to dismiss; however, [Defendants] submit[] that previous counsel <u>did not incorporate several potential bases for relief in the motion that was ultimately filed</u>.
>
> 3) Additionally, a formal objection to the Magistrate Judge's Report and Recommendation (Doc. # 75) was never filed. This Court adopted the Magistrate Judge's Report and Recommendation without objection and Ordered that the motion to dismiss be denied (Doc. # 77).
>
> 4) Failure to object to the Report and Recommendation in a timely manner (or at all, for that matter) in accordance with the Federal Rules of Criminal Procedure waives a party's right to review. See FED. R. CRIM. P. 59(b)(2).
>
> 5) In order to properly preserve [Defendants'] right to appellate review, Counsel is respectfully requesting that this Court remand this matter to the Magistrate Judge <u>to reset pretrial motions</u>. Doing so will allow Counsel to properly object to the Report and Recommendation while also giving Counsel the ability to determine whether any additional pretrial matters need to be raised.

(ECF No. 90 at 1-2) (emphases added).

The Court granted the Defendants' Motion to Remand by Order which stated in pertinent part:

> The Motion to Remand and Notice of Joinder state that defense counsel were recently assigned to this case after the Defendants' prior joint counsel was

> permitted to withdraw after approximately a year of representing both Defendants; that new defense counsel have not yet obtained discovery in this case and therefore cannot be ready for trial on October 24, 2022; and that Defendant Lozier asserts his prior counsel failed to include "several potential bases for relief" in the pretrial motions he filed, and failed to object to the Judge's Order, Report, and Recommendation of United States Magistrate Judge (ECF No. 75), which denied Defendants Lozier and Sullivan's Motion for a Bill of Particulars (ECF No. 62) and recommended that Defendants' Motion to Dismiss the Indictment (ECF No. 61) be denied, and was subsequently adopted by this Court after de novo review.
>
> For good cause shown,
>
> **IT IS HEREBY ORDERED** that Defendant Wayne D. Lozier, Jr.'s Motion to Remand Case to Magistrate Judge to Reset Pretrial Motions Pursuant to FRCrP Rule 12(c)(2) (ECF No. 90), joined in by co-defendant Jody L. Sullivan, is GRANTED.
>
> **IT IS FURTHER ORDERED** that the trial setting of October 24, 2022, is VACATED.
>
> **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(b), pretrial matters are reopened and referred to United States Magistrate Judge John M. Bodenhausen.

Order of Oct. 6, 2022 (ECF No. 92 at 1-2).

Despite Defendants' multiple references to pretrial motions in their Motion to Remand, including its title, neither Defendant filed new pretrial motions while the case was before the Magistrate Judge on remand. Instead, on January 30, 2023, Defendant Lozier filed "Objections to the Report and Recommendation" (ECF No. 117), in which Defendant Sullivan joined. These so-called "Objections" are directed to the August 26, 2022 Report and Recommendation, which the Court has already sustained and adopted after de novo review.

Defendants' Objections did not set forth a procedural basis for their filing but asserted that the superseding indictment should be dismissed for failure to state an offense pursuant to Rule 12(b)(3)(B)(v), because the Defendants did not "unlawfully seize, detain, carry away and hold R.H. in interstate commerce without her consent for a reward." (Id. at 1.). Defendants stated their argument was that –

3

>because Missouri statutes are ambiguous, they fail to provide fair notice that a person with a valid bail bond license from another state who apprehends a fugitive in Missouri pursuant to a valid arrest warrant and transports her across state lines without her consent could be charged with <u>unlawfully</u> seizing and transporting her. In other words, the ambiguity of the Missouri statutes renders the federal kidnapping statute, § 1201(a), unconstitutionally vague as applied to the particular facts of the case.

(ECF No 117 at 2.) This argument raised a new basis for dismissal of the superseding indictment that had not been presented to the Magistrate Judge.

The Court overruled Defendants' Objections, finding them procedurally defaulted because Defendants' right to object was waived when they did not file objections to the Magistrate Judge's Report and Recommendation within fourteen days. See Mem. and Order of Feb. 3, 2023 (ECF No. 121 at 7-8) (citing 28 U.S.C. § 636(b)(1)(C); Rule 59(b)(2); Fed. R. Crim. P. 59 2005 advisory committee's note). The Court also noted there was no pending report and recommendation to which objection may be made, and no pending motion to dismiss for it to consider. (<u>Id.</u> at 8.)

**<u>Defendants' Motion to Reconsider</u>**

As previously stated, Defendants' Motion to Reconsider asks the Court to "construe [Defendants'] previous pleading styled 'Objections to the Report and Recommendation' as a motion to dismiss the Superseding Indictment as unconstitutionally vague as applied to the facts of [Defendants'] case[s]." (ECF No. 123 at 4.)[2]

In the Motion to Reconsider, Defendants assert that the Court's Order granting their motion to reopen pretrial motions and remand the case to the Magistrate Judge misled them to believe the remand permitted them to file late objections to the Magistrate Judge's Report and Recommendation, without the need to file a motion to dismiss raising their new arguments. Defendants state in part: "Counsel understood this as a designation to the Magistrate Judge to

---

[2]Defendants also state with respect to the Objections, "The title of the pleading [sic] arguably obscured the relief actually requested: dismissal." (ECF No. 123 at 4.)

4

consider and submit recommendations regarding any pretrial matter -- including a request for dismissal or renewed objections to the previously filed Report and Recommendation, consistent with § 636(b)(1)(A) and (B)." (ECF No. 12 at 3.)

This assertion lacks any basis in the text of 28 U.S.C. § 636(b), and makes no sense in the context of Defendants' actions. A magistrate judge's powers under § 636(b) do not include considering objections to his own report and recommendation, and Defendants made no attempt to bring any new matters before the magistrate judge on remand.

The Court's Order stating that Defendants showed good cause to reopen pretrial proceedings before the Magistrate Judge did not expressly or impliedly give Defendants permission to file late objections to the Report and Recommendation. Instead, the Court applied the good cause standard to reopen pretrial proceedings to permit the filing of motions that were otherwise untimely under the case scheduling order. See Rule 12(c)(3), Fed. R. Crim. P.; United States v. Fogg, 922 F.3d 389, 391 (8th Cir. 2019).

The fact that the Court granted Defendants' Motion to Remand does not constitute its endorsement of every statement contained in the Motion, as Defendants now seem to argue. A court need not address, correct, or clarify any imprecise language or misstatement that may be included in a party's filing. The Court had no obligation to anticipate Defendants' actions and instruct the Defendants that they could not file late objections to a report and recommendation the Court had adopted, or inform them that to raise new arguments in support of dismissal they would need to file a new motion to dismiss. The Court's orders are premised on the assumption that counsel will follow the applicable rules of practice, and it is not the Court's role to offer advice.

Defendants' conclusion, that because pretrial matters were reopened they could file late objections to a report and recommendation that this Court had already adopted, has no basis in the Federal Rules of Criminal Procedure, 28 U.S.C. § 636(b), or ordinary elements of federal criminal

5

practice. "A party has [fourteen] days to file an objection to an R&R. 28 U.S.C. § 636(b)(1). When a party fails to timely object to the R&R, he 'waive[s] his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein.'" United States v. Wise, 588 F.3d 531, 537 n.5 (8th Cir. 2009) (quoting United States v. Newton, 259 F.3d 964, 966 (8th Cir. 2001)). "In that situation, [the Eighth Circuit] reviews factual findings for plain error." Id. (quoting United States v. Looking, 156 F.3d 803, 809 (8th Cir. 1998)). See also ECF No. 121 at 7-8. Simply put, Defendants' failure to timely object to the report and recommendation constituted a waiver of their right to do so.

Moreover, even if Defendants' Objections had been timely, the Court could have declined to consider them because they included an argument not raised before the Magistrate Judge, i.e., that the federal kidnapping statute is unconstitutionally vague as applied to the Defendants because the Missouri statutes on which the illegality of their conduct is based are ambiguous. Eighth Circuit precedent is clear that a party is "required to present all of his arguments to the magistrate judge, lest they be waived." Ridenour v. Boehringer Ingelheim Pharm., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012). In Ridenour, the Eighth Circuit Court explained that "the purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." Id. (internal quotation marks omitted). Consequently, it held that a district court conducting de novo review of a magistrate judge's recommendation properly refused to consider arguments that were not raised before the magistrate judge. Id. The Eighth Circuit emphasized that all arguments must first be presented to the magistrate judge, or they will be waived: "[P]arties must take before the magistrate, not only their 'best shot' but all of their shots." Id. (quoted case omitted).

6

While Ridenour was a civil case, there is authority for its application in the criminal case context. See, e.g., United States v. Caskey, Crim. No. 11-301 (JRT/LIB), 2013 WL 50450, at *6-7 (D. Minn. Jan. 3, 2013) (rejecting argument that Ridenour's holding does not apply in criminal context; refusing to consider argument raised for the first time in a motion to reconsider an order of suppression); United States v. Henderson, No. 8:18-CR-312, 2019 WL 3887551, at *7 (D. Neb. Aug. 19, 2019) (citing Caskey and Ridenour and declining to consider an argument raised for the first time in objections to a report and recommendation).

For these reasons, the Court will deny Defendants' Motion to Reconsider to the extent it asks the Court to construe their previously filed late Objections as a motion to dismiss the Superseding Indictment as unconstitutionally vague.

**Alternative Request for Leave to File Motions to Dismiss Out of Time**

In the alternative, Defendants request leave to file new motions to dismiss. A court may consider an untimely pretrial motion "if the party shows good cause." Rule 12(c)(3), Fed. R. Crim. P. Defendants' Motion to Reconsider does not address the issue of good cause in support of their alternative request. Despite this omission, the Court previously found that Defendants showed good cause for pretrial matters to be reopened. See Order of Oct. 6, 2022 (ECF No. 90). The Court will therefore grant Defendants' alternative request for leave to file new motions to dismiss and set a deadline for their filing.

If new motions to dismiss are timely filed, the Court will vacate the March 13, 2023 trial setting and refer the motions to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b). Until that time, the case remains on the jury trial docket.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wayne D. Lozier, Jr.'s Motion to Reconsider (ECF No. 123), joined in by co-Defendant Jody L. Sullivan, is **DENIED** to the extent it requests

the Court to construe the Defendants' previously filed late Objections (ECF No. 117) as a motion to dismiss the Superseding Indictment as unconstitutionally vague.

**IT IS FURTHER ORDERED** that the Motion to Reconsider (ECF No. 123) is **GRANTED** as to Defendants' alternative request to file new motions to dismiss the superseding indictment.

**IT IS FURTHER ORDERED** that pursuant to Rule 12(c)(3), Fed. R. Crim. P., Defendants are granted leave to file any new motions to dismiss by **March 1, 2023**.

**IT IS FURTHER ORDERED** that this case remains on the March 13, 2023 trial docket pending further Order of the Court.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of February, 2023.